## BELLOWS v. TOD.

1. **Equitable Jurisdiction:** CANCELLATION OF JUDGMENT: UNFAIR BILL OF EXCEPTIONS. Where the judgment of a trial court is affirmed on appeal to the Supreme Court, the appellant cannot maintain an action in equity to set aside the judgment on the ground that the trial judge refused to grant him a fair and truthful bill of exceptions.

*Appeal from Humboldt District Court.*

### TUESDAY, OCTOBER 28.

In May, 1870, plaintiff brought his action at law against the defendant Tod, to recover the W. ½ of the S. E. ¼, and lots 3 and 4, section 27, 92, 28. In May, 1871, there was a trial and judgment for the defendant. Upon the trial of the cause the plaintiff established a complete chain of title to all the lands in controversy. Plaintiff appealed to this court and the judgment was reversed. See 34 Iowa, page 18. The case was again tried in February, 1873, and judgment was again rendered for the defendant. The plaintiff appealed. The abstract on which the cause was tried in this court failed to show one link in the chain of plaintiff's title, to-wit: a deed from Robert J. Hubbard to Grace H. Litchfield, for lots 3 and 4. Because of this apparent defect in the plaintiff's title the judgment of the court below, as to lots 3 and 4, was affirmed. As to the balance of the property involved the judgment was reversed. A procedendo having issued, the plaintiff, on the 7th day of June, 1875, filed an amended petition in equity. This petition recites all the foregoing facts, and alleges that upon the second trial of said cause, on the 25th of February, 1873, the plaintiff introduced the original deed from Robert J. Hubbard and wife to Grace H. Litchfield, conveying said lots 3 and 4, in controversy; that the court upon its own motion appointed one Mr. Van Pelt, a short-hand reporter, to take down the minutes of testimony offered in evidence; that said reporter in taking down and noting upon his minutes the testimony offered by your petitioner, which embraced a large number of printed and written documents, by accident or mis-

take neglected and omitted to take and note upon his minutes of testimony the offer and introduction in evidence by your petitioner of the conveyance from Robert J. Hubbard and wife to Grace H. Litchfield, conveying said lots 3 and 4; that said reporter was unable and refused to furnish plaintiff a copy of his minutes during the term of court, and plaintiff, being thus unable to prepare and have signed his bill of exceptions during the term, applied to the court for time, and the court granted him forty days for that purpose; that the reporter furnished plaintiff with a copy of his minutes some four or five weeks after the adjournment of the term, and plaintiff then for the first time discovered that the reporter had failed to note in his minutes the offer and introduction in evidence of said deed from Hubbard to Grace H. Litchfield, conveying said lots 3 and 4. That plaintiff in preparing his bill of exceptions in said cause incorporated and put into the same the offer and introduction in evidence by him of said deed from said Hubbard to said Litchfield conveying said lots 3 and 4, as the same was offered and introduced in evidence on the trial of said cause; that when he applied to the judge who tried said cause for the settlement and signing of said bill, said judge, though well knowing that said deed was in fact offered and introduced in evidence by your petitioner upon said trial, yet, for the purpose of depriving your petitioner of a full, true and perfect bill of exceptions, wrongfully refused to sign said bill containing the statement of the offer and introduction in evidence by your petitioner of said deed from Hubbard to Litchfield, but struck the same out therefrom before signing the same, and thereby deprived your petitioner of the right to a full, true and perfect bill of exceptions, and wrongfully compelled your petitioner to take a bill of exceptions which said judge well knew did not show the offer and introduction of all the evidence offered on said trial, in this, that it did not show the introduction by your petitioner in evidence of said conveyance by said Hubbard to said Litchfield, which was one of the links in the chain of plaintiff's title to said lots 3 and 4, described in his petition.

That your petitioner appealed from said judgment of the

District Court to the Supreme Court of Iowa, believing that for the manifold errors at law committed by said court on the trial of said cause, and which appeared in the. record thereof, and by the uniform practice of said appellate court in such cases, so far as your petitioner was able to learn the same, that if said appellate court should find that the error complained of by your petitioner had been committed by said District Court on the trial of said cause, said court would reverse said judgment *in toto;* and, so believing, your petitioner prose- cuted said appeal upon the bill of exceptions so signed by said judge, and upon the hearing of said appeal, and on or about the 23d day of September, 1874, said appellate court in all things reversed said judgment of the District Court except so far as the same relates to said lots 3 and 4, and as to said lots said court affirmed said judgment for the sole and only reason that the bill of exceptions so signed by said judge did not contain a recital of the offer and introduction in evidence by your petitioner of said deed from said Hubbard to said Litch- field; that said appellate court would have reversed said judg- ment as to those lots also, had not your petitioner been pre- vented by the judge who tried said cause, as hereinbefore al- leged, from presenting and prosecuting said appeal upon a full, true and perfect bill of exceptions.

And your petitioner further alleges, that the acts of said judge in refusing to give and sign for your petitioner a full, true and perfect bill of exceptions, as herein alleged, were and are contrary to equity, and injure your petitioner,   *   *   * and that he has no relief from the same save in a court of equity, where such matters are solely cognizable and reviewa- ble.

The plaintiff prays that the judgment rendered against the plaintiff on the 26th day of February, 1873, be set aside and a new trial granted, and that the judgment, so far as the same was affirmed by the Supreme Court, may be reviewed, reversed, set aside and held for naught, and that plaintiff's title to all of said premises be confirmed and declared valid and perfect. Both parties filed a motion that the cause be tried upon writ- ten evidence, and the court ordered all the evidence to be taken

by depositions. By stipulation the cause was referred to the Hon. C. H. Lewis, to hear, try and determine. The referee reported the following as his sixth finding of fact: " That at the trial of this case in the District Court, on the 25th day of February, 1873, the plaintiff inadvertently omitted to introduce in evidence to the jury the deed from Robert J. Hubbard and wife to Grace H. Litchfield, but that when the judge was preparing his instructions for the jury in said case the said deed, with the others which had then been introduced, was handed to the judge, but that there was not then, nor at any time, any formal offer to introduce in evidence the omitted deed."

As a conclusion of law, the referee found as follows: " That under the issues and pleadings herein the plaintiff Bellows is not entitled to the relief demanded, or to any relief, and that his petition should be dismissed at his costs, unless the plaintiff may elect to so amend his petition as to conform to the 6th finding of fact herein, and raise the issue that the deed was inadvertently omitted to be introduced on the trial." The referee recommended that the plaintiff be permitted, if he so elect, to amend his pleading as indicated, and on his failure to do so that decree be entered dismissing his petition. The plaintiff failed to amend, and decree was entered as the referee recommended. The plaintiff appeals.

*Theo. Hawley* and *Wright, Gatch & Wright,* for the appellant.

No argument for the appellee.

DAY, J. The case is triable here *de novo,* and is to be determined upon its merits without any regard to the finding of

1. EQUITABLE jurisdiction: cancellation of judgment.

the referee. Five of the jurors, and three bystanders, as well as the plaintiff and his attorney, testify that the deed in question was introduced in evidence. It is certain that the number of the witnesses who testify upon the subject is largely in favor of the position of plaintiff that the deed was, in fact, introduced. It is probable also that the preponderance of the evidence when tested

by the rules for determining the value and weight of testimony is also in favor of the plaintiff's position upon this point. In the view which we take of the case, however, we deem it unnecessary to determine as to the correctness of the referee's sixth finding of fact, about which the plaintiff especially complains. We have set out very fully the plaintiff's petition, because we deem it essential to a proper disposition of the case, for the plaintiff, if he recover at all, must recover upon the facts alleged in the petition. *Emerson v. Udall*, 13 Vt., 477 (484). An examination of the petition will disclose that the entire ground of complaint is the alleged wrongful and willful act of the trial judge, in refusing to allow the plaintiff a full and fair bill of exceptions. It is nowhere alleged in the petition that the opposite party or his attorney in any manner perpetrated a fraud upon the plaintiff.

From the allegations of the petition it appears that the plaintiff knew, at the time the bill of exceptions was presented to the judge for his signature, that the judge refused to sign a full and fair bill of exceptions. The plaintiff presented his case to this court upon a bill of exceptions which he at the time knew to be unfair and incomplete. Failing to reverse the judgment of the court below, he now brings this case in equity to set aside this judgment upon the sole ground that the trial judge refused to give him a fair bill of exceptions, and that, if such bill had been allowed the judgment below would have been reversed. We do not believe that the plaintiff's petition brings his cause within any recognized ground of equitable relief. Section 2835 of the Code provides a remedy where the trial judge refuses to sign a bill of exceptions. Whether this section is applicable to a case where the parties agree that the time may be extended beyond the term for the signing of the bill, we need not determine. If there is any remedy for the refusal of the judge, after the adjournment of the term, to sign a fair bill of exceptions, it must be obtained before the case is passed upon in this court. A party cannot submit his case in this court upon a bill of exceptions known to be unfair and incomplete, take his chances of procuring a reversal upon such bill, and failing, maintain an

action in equity to set aside both the judgment in the court below and in this court, upon the ground that the court fraudulently refused to sign a fair bill of exceptions.

In a note to section 1574 of Story's Equity Jurisprudence, upon the subject of equitable interference with judgments at law, it is said: "The rule of the best considered and more recent cases upon the subject is that the party must have failed in obtaining redress in the suit at law, by the fraud of the opposite party, or inevitable accident or mistake, without any default either of the party or his counsel." This we believe to be the correct rule. The petition of plaintiff does not make a case within the rule above prescribed.

AFFIRMED.