DUTTON v. THE WABASH, ST. LOUIS & PACIFC R'Y CO.

1. **Verdict**: MUST FOLLOW INSTRUCTIONS. Though an instruction be erroneous, yet, if the verdict upon the undisputed evidence is in conflict therewith, the judgment must be reversed.

*Appeal from Page Circuit Court.*

SATURDAY, JUNE 6.

ACTION to recover double damages for injuries to plaintiff's horses, caused by their running upon defendant's railroad track and into trestle work, through fright caused by an approaching engine. The accident occurred at a point where defendant had the right to fence its railroad track. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*W. W. Morsman*, for appellant.

*N. B. Moore*, for appellee.

BECK, CH. J.—I. The circuit court gave the jury the following instructions: "(11) If you find from the evidence that the plaintiff intentionally and purposely turned his horses loose, in order that they might run at large, in close proximity to defendant's tracks, on the evening of the alleged injury, and with full knowledge that such acts would directly expose the said stock to danger of injuries such as are complained of, such turning of the stock loose, in view of and in direct exposure to an open danger, would be willful, and you should find for the defendant." This instruction, without determining its correctness, must be regarded as the law of the case; and, under familiar rules prevailing here, though it be erroneous, yet, if the verdict upon the undisputed evidence is in conflict therewith, the judgment must be reversed. The

defendant by a motion for a new trial objected to the verdict upon the ground that it is in conflict with the evidence, and renews the objection in this court.

II.   The evidence, without conflict, shows every fact contemplated in the instruction as grounds for a verdict for defendant.   The plaintiff shows by his own evidence that he " intentionally and purposely " turned his horses to pasture upon uninclosed land between the track of defendant's road and another railroad, which are shown to be at that place three or four hundred feet apart.   The defendant's road at the same place had a switch, and side track to an elevator.   Both of these roads and the side track were used as the business pertaining to each demanded.   Plaintiff was familiar with the locality, and the different railroad tracks.   The law will presume that he had full knowledge " that his acts, in turning his horses to graze at the place," would directly expose them to danger of injuries such as is complained of by him.   The injuries resulted from fright of the horses at a moving locomotive, causing them to run upon the railroad track and trestle work.   Daily observation teaches that horses under the same circumstances are exposed to danger of injuries from fright.   The plaintiff is presumed to have had knowledge of the fact.

For the reason that the verdict is in conflict with the eleventh instruction, the judgment of the circuit court is

REVERSED.