SIMON B. BELLOWS, Appellee, v. EDWARD H. LITCHFIELD, Executor, Appellant.

1. **Breach of Warranty**: LIMITATION OF ACTIONS: EVIDENCE. In an action for damages for the breach of a covenant of warranty in a deed for lands commenced more than ten years after the execution of the deed the defendant, who was a non-resident, sought to show that the action was barred because he had for the period of ten years maintained an agency in the county wherein the lands were situated, and offered evidence tending to show that he had kept an office in such county for the purpose of transacting a land business during the time specified, and that a person named had acted as clerk in charge of the office. Books of record, which were claimed to have been brought from that office, and which showed transactions in regard to the lands in controversy, were offered in evidence, but were not identified as being the record of an office or agency kept by the defendant, and were, therefore, rejected. Furthermore, it did not appear that the purchase of the land in question was a transaction growing out of the business of that office. *Held*, that the jury was authorized in finding that the defendant did not have an office or agency in the county wherein the lands were situated within the meaning of section 2613 of the Code.

2. ——: SALE OF LAND FOR TAXES: RIGHT OF ACTION. After an adjudication that the plaintiff had no title to the land in question under the deed from the defendant the same was sold for taxes, and subsequently a tax deed issued. *Held*, that the right of action upon the defendant's covenant of warranty was not thereby lost to the plaintiff.

3. ——: ADJUDICATION OF TITLE: LIABILITY OF WARRANTOR. At the time of the conveyance to the plaintiff one T. was in possession of the land in question, and refused to surrender possession. Thereupon the plaintiff commenced an action against T. to recover the land, and gave notice thereof to defendant's testator, with the demand that he appear in court with proofs of title necessary to give the plaintiff possession. Afterwards, at the request of the testator's agent in a

personal interview, the attorney previously employed by the plaintiff was discharged, and one H. employed to conduct the suit. While H. was paid by the plaintiff for his services, the litigation was practically controlled by the agent of the defendant's testator, and for the latter's benefit. *Held*, that under the circumstances the testator was responsible for the manner in which the case was conducted, and was bound by the final result of the litigation.

4.  **Evidence**: OPINION. Proof of the expression of an opinion by an attorney as to the law applicable to a case, *held*, competent as a part of a material conversation between the plaintiff and the testator's agent, and as tending to explain the subsequent conduct of the parties.

5.  **Breach of Warranty**: JOINT LIABILITY OF HUSBAND AND WIFE: DAMAGES. Where, before the enactment of section 1937 of the Code, a husband and wife joined in a conveyance of lands containing a general covenant of warranty, *held*, that although the land was the property of the wife, the husband was liable thereon, and that the measure of damages was the amount 'of consideration paid, whether as principal or interest, together with interest thereon at six *per cent. per annum* from the dates of payment.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

WEDNESDAY, MAY 27, 1891.

THIS is an action to recover damages on account of a breach of covenant in a warranty deed. There was a trial by jury resulting in a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Gatch, Conner & Weaver,* for appellant.

*Kauffman & Guernsey* and *M. D. O'Connell,* for appellee.

ROBINSON, J.—On the twenty-fourth day of February, 1870, Edwin C. Litchfield, and Grace H. Litchfield, his wife, residents of the state of New York, executed to the plaintiff a deed to lots numbered 3 and 4, of section 27, township 92 north, of range 28 west, in Humboldt county. The deed recited a consideration of fifteen hundred and fifty-four dollars, and

contained a covenant in words as follows: "And we do hereby covenant to warrant and defend the title to said premises to the said Simon B. Bellows against the lawful claims of all persons whomsoever." In March, 1863, George Todd entered the land described under the homestead laws of the United States, but in January, 1869, his entry was canceled, on the ground that it conflicted with the Des Moines river grant. Todd was in possession of the land when the deed to the plaintiff was given. He refused to surrender possession, and in May, 1870, the plaintiff commenced an action against him to recover the land in controversy, with other land. A trial was had, which resulted in a judgment for Todd. On appeal to this court the judgment was reversed. *Bellows v. Todd*, 34 Iowa, 19. The cause was remanded to the district court, and a new trial had, which resulted in a second judgment in favor of Todd. An appeal was again taken, which resulted in an affirmance of the judgment as to the lots now in controversy, for the reason that no conveyance from one Hubbard to the Litchfields, and, therefore, no title in the plaintiff had been shown. *Bellows v. Todd*, 39 Iowa, 209, 219. After the decision on the second appeal the plaintiff filed an amended petition in equity, in which he asked that the second judgment be set aside, and a new trial be granted. The grounds upon which that relief was demanded were, in substance, that a deed to Grace H. Litchfield had in fact been introduced in evidence on the second trial, but that the plaintiff had been wrongfully deprived of the benefit of it through the neglect of the short-hand reporter in failing to note that it had been introduced, and the wrongful refusal of the trial judge to certify it in the bill of exceptions. An answer to the amended petition was filed, and a trial had, which resulted in a judgment in favor of Todd. On appeal that judgment was affirmed by this court. *Bellows v. Todd*, 52 Iowa,

359.   Edwin C. Litchfield died in July, 1885, and this action was commenced against the executor of his estate in October, 1888.   The plaintiff seeks to recover the amount of the consideration paid by him for the land in controversy, with interest thereon.    He alleges that since the year 1866 Edwin C. Litchfield has owned a large amount of land in Humboldt, Webster, Boone, Polk and other counties in Iowa, and that for the purpose of transacting the business which was involved in the management and sale of said lands he appointed one John Browne, of the city of Des Moines, to act as his general agent, and that said Browne acted as his agent for a number of years; that in the year 1870 the plaintiff employed J. A. O. Yeoman, an attorney of Ft. Dodge, to institute in his behalf the action against Todd to recover the land, and that the suit was commenced by Yeoman; |that shortly after it was commenced the plaintiff notified Litchfield, through Browne, of the suit, and of the claim of Todd, and demanded that the plaintiff be put in possession of the land; that thereupon Browne, as the agent of Litchfield, directed the plaintiff to discharge Yeoman, and employ Theodore Hawley, who was an attorney in a large number of suits involving the title to his lands, and that, in pursuance of that direction, Yeoman was discharged, and Hawley was employed; that Hawley had the exclusive management of the case in the trial court, and that the general attorney for Litchfield managed it in this court; that in consequence of the facts stated the estate of Litchfield is liable for the damages sustained by reason of the breach of the covenant of warranty in the deed to the land.    The defendant contends that the land in controversy was owned by Grace H. and not Edwin C. Litchfield when the deed to the plaintiff was executed, and that the latter never claimed to own it; that a perfect title was in fact conveyed by the deed, and lost through the

negligence of the plaintiff in failing to introduce the Hubbard deed in evidence on the second trial with Todd. Defendant denies that Hawley was employed by Litchfield in the Todd suit, and insists that Browne had no authority to employ him. The defendant further alleges that this action is barred by the statute of limitations, for that the cause of action accrued on the twenty-fourth day of February, 1870, when the deed was executed,—more than ten years before the action was commenced; and from the year 1866 until the year 1882 Litchfield had an office and agency in Boone county, kept by said Browne, for the transaction of all business connected with his lands in Iowa. The jury found specially that the plaintiff notified Litchfield to appear and prosecute the suit against Todd; that Litchfield appeared to prosecute or assist in the prosecution of the suit; and that he did not have an office or agency in Boone county for the transaction of the business of the sale of lands owned by him for the ten years next following the giving of the deed, nor for any portion of that time. The non-residence of Litchfield when the deed was given and at all times subsequent thereto is admitted.

I. The court instructed the jury that, if the defendant was liable, the cause of action accrued on the twenty-fourth day of February, 1870. That it appeared without controversy that Litchfield was a non-resident of this state up to the time of his death, and that the statute of limitations did not run in his favor unless by reason of the following provision of law: "When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency in all actions growing out of or connected with the business of such office or agency."

1. BREACH of warranty: limitation of actions: evidence.

Code, sec. 2613. The court then charged the jury as follows: "Therefore, if you find that the said Edwin C. Litchfield was the owner of a large amount of land in the state of Iowa, and that he was engaged in the business of selling, controlling and managing said lands, and the land conveyed by said Exhibit B was a portion of the said lands so owned by said Litchfield, and sold in the course of said business to the said Bellows, and within ten years thereafter said Edwin C. Litchfield kept an office or agency in Boone county, Iowa, for the management and transaction of such business within the time of the duration of said agency or office in Boone county, Iowa, the statute of limitations herein ran in favor of Edwin C. Litchfield, the same as if said Edwin C. Litchfield were really a resident of the state of Iowa; and if you shall find that said office or agency continued and existed for ten years subsequent to the execution of said deed, Exhibit B, your verdict will be for the defendant." The plaintiff insists that under the undisputed facts of the case his action is not barred, and that the charge of the court is not correct; but, since he has not appealed, and the part of the charge objected to is not questioned by the appellant, it must be regarded as the law of the case, and it was the duty of the jury to follow it. *Crane v. Railway Co.*, 74 Iowa, 330, 334; *Dutton v. Railway Co.*, 66 Iowa, 352.

The only question raised in regard to the statute of limitations which we can determine is whether the jury was authorized to find that Litchfield did not have, for the period of ten years from and after the time of the giving of the deed, an office or agency in Boone county, where an agent or clerk was employed, within the meaning of section 2613 of the Code. The burden of proving that such an office or agency was maintained was upon the defendant. He introduced evidence which tended to show that Browne, as agent for Litchfield, kept an office in Boone county for the purpose of

transacting a land business during the time specified, and that his son, Jack Browne, and perhaps others, acted as clerk in charge of the office. Books of record, which were claimed to have been brought from that office, and which showed transactions in regard to the lands in controversy, were offered in evidence by defendant, but rejected. They were brought to Des Moines by Jack Browne, after the death of his father, which occurred in the year 1882; and the defendant sought to prove that Jack Browne stated when he delivered the books in Des Moines that they were all that were contained in the Boone county office. The statement was properly excluded, however, and the books were not identified as being the record of an office or agency kept by Litchfield. The plaintiff transacted no business with the office in Boone county, and had no personal knowledge of it. His transactions in regard to the land seem to have been had with Browne in Ft. Dodge or in Des Moines. It appears that Litchfield maintained an agency in the county named, but it does not appear that the purchase of the land in question was a transaction growing out of the business of that office. The purchase was in fact made in Des Moines, and most, if not all, the subsequent negotiations in regard to the Todd litigation were had in Ft. Dodge. We conclude that the jury were justified in finding that under the instructions given the cause of action of plaintiff was not barred by the statute. It is proper to state specifically, however, that we do not pass upon the correctness of the last paragraph of the charge quoted, nor hold that, had the agency in Boone county been maintained, as claimed by the appellant, this action would have been barred by the statute.

II. The land in controversy was sold in the year 1877 for the delinquent taxes of the years 1875 and 2. ——: sale of 1876, and a treasurer's deed therefor was land for taxes: right of action. executed and recorded on the thirteenth

day of October, 1880. The appellant contends that it was the duty of the plaintiff to pay the taxes, and that, by permitting the land to go to sale and deed, he, in effect, conveyed it to the grantee of the tax deed; that the covenant of warranty ran with the land; and that the tax sale and deed operated as an assignment of the right of action on the covenant. But it was not the duty of the plaintiff to pay the taxes for which the land was sold. Before they became due it was adjudicated that he had no title to the land. It is true that an effort was afterwards made to set aside that adjudication by a proceeding in equity, but an adverse decision was rendered by this court in that proceeding before the tax deed could have been issued. The right of action for the breach of warranty did not pass by the tax deed, as the title it conveyed was not derivative, but new and independent. *Crum v. Cotting,* 22 Iowa, 411. The authorities cited by the appellant in support of his claim on this point relate to involuntary alienations, as conveyance by means of execution sales, and are not applicable.

III. It is contended that Litchfield was not bound by the adjudication in the *Todd case.* In February,

3. ——: adjudication of title: liability of warrantor.

1871, plaintiff sent to Browne, as agent of Litchfield, a notice in writing of his suit then pending against Todd, and a demand that Litchfield appear at court with the proofs of title necessary to give the plaintiff possession. After that notice was given the plaintiff had a conference with Browne, in Ft. Dodge, in which he was instructed to discharge Yeoman and employ Hawley to conduct the suit. If it be conceded that the written notice did not require Litchfield to take part in the litigation, an obligation to that effect may very properly be inferred from the conversation at Ft. Dodge, and subsequent conduct of the parties. Although Hawley was paid by the plaintiff for the services he rendered, there can be no

doubt that the litigation was practically carried on and controlled by Browne as the agent of Litchfield, for the benefit of the latter.    Therefore, Litchfield was respon-sible for the manner in which the case was conducted, and was bound by the failure of the attorney to intro-duce the Hubbard deed, and for the resulting effects. It is said that he employed attorneys to conduct the case in this court for the reason that he was interested in the question involved as affecting his title to other lands, but it is immaterial what his controlling motive was, so long as he managed the litigation in his own interest.    *Stoddard v. Thompson*, 31 Iowa, 80; *Conger v. Chilcote*, 42 Iowa, 23; *Marsh v. Smith*, 73 Iowa, 296. Some question is made as to the authority of Browne to employ attorneys for Litchfield, but we think there can be no doubt that he was empowered to do so.    It is said that some of the evidence to show his authority was improperly admitted, on the ground that it con-sisted of statements of Browne testified to by the plain-tiff, and, therefore, incompetent under section 3639 of the Code.    It is true that Browne was dead when the testimony was given, but the defendant was not his executor, assignee nor survivor, and the provisions of the section named do not apply.    It may be that this case is within the reason of those provisions, but we cannot give effect to the statute beyond its manifest scope.    *Johnson v. Johnson*, 52 Iowa, 590.

IV.    The plaintiff testified that when he had the conversation with Browne in regard to the suit against Todd, Judge ELWOOD was present, and, after some statements in regard to the possession of the land, Judge ELWOOD asked Browne what title he had given the plaintiff, and, after being told that it was a warranty deed, said:    "If you gave him a warranty deed, you have got to give him possession." The defendant complains because this statement was received in evidence.    While it expressed an opinion as to the law applicable to the case, we think it was

4. EVIDENCE: opinion.

competent as part of a material conversation, and as tending to explain the subsequent conduct of the parties.

V. It is insisted that the plaintiff is not entitled to recover more than nominal damages, for the reason

5. BREACH of warranty: joint liability of husband and wife: damages.

that Litchfield did not own and did not claim to own the land when the deed was given, and, therefore, that there was only a technical breach of covenant. The covenant of warranty in terms bound both husband and wife. Section 1937 of the Code had not then been enacted, and we are of the opinion that Litchfield was bound to the fullest extent of the language used. The judgment of the court in the Todd case, even though the result of negligence on the part of those who represented the plaintiff, in view of the participation of Litchfield in the management of the case, was an adjudication that title was not conveyed by the deed by which he was bound. Of the consideration specified in the deed the plaintiff paid three hundred and eighty-eight dollars and fifty cents when the purchase was made, and gave his note for the remainder, with interest thereon at the rate of ten per cent. per annum. The plaintiff was entitled to recover the consideration money paid, with interest thereon at the rate of six per cent. per annum from the date of payment. Brandt v. Foster, 5 Iowa, 295. The interest paid on the note at ten per cent. per annum was as much a part of the consideration for the deed as was the money paid when it was delivered. Therefore, the plaintiff was entitled to recover the amount actually paid, whether principal or interest, together with interest thereon at six per cent. per annum from the dates of payment.

VI. Other questions discussed by counsel are disposed of by the conclusions we have announced, or by recent decisions of this court. We discover no ground upon which to reverse the judgment of the district court. It is, therefore, AFFIRMED.