MARTHA BARNETT, Appellee, v. FIRST NATIONAL BANK OF CHARITON, and J. H. JAMISON, Receiver, Appellant.

Evidence: TRANSACTIONS WITH A DECEDENT. The statute precluding 1 evidence of a personal transaction between a witness and one since deceased does not apply to a mere agent of the real party in interest.

Banks and banking: ACTION FOR THE VALUE OF PROPERTY LEFT FOR 2 SAFEKEEPING: EVIDENCE. In this action for the value of notes

left with a bank for safekeeping, a paper in the handwriting of the cashier, with whom the transaction was made but who died prior to the trial, and which was given plaintiff at the time of making a deposit of funds and one of the notes, and which showed that at that time plaintiff had in the bank cash and notes, was admissible in evidence as an admission, if not as a formal receipt, although not signed by the cashier.

**Same:** ESTOPPEL. The mere fact that plaintiff in this action had stated to the receiver of the bank upon its insolvency, and to the comptroller of the currency, that the cashier was acting for plaintiff individually and not as agent for the bank and was advised that plaintiff was not entitled to file her claim against the bank, did not amount to an estoppel of the right to so assert the claim, where it was not shown that the receiver changed his course or relied upon the statement.

**Same:** EVIDENCE: SUFFICIENCY. The showing of a deposit of the notes and money and failure of the bank or its managing officer to return the same made a *prima facie* case, and established a liability therefor, in the absence of a showing of loss thereof not the result of defendant's negligence, regardless of the question of care required.

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 24, 1910.

ACTION to recover the value of some notes left by plaintiff with the First National Bank of Chariton for safe-keeping. Defendant filed a general denial and also pleaded an estoppel. On the issues joined the case was tried to the court, resulting in finding for plaintiff and establishing her claim against the receiver. Defendant receiver appeals.—*Affirmed.*

*O. A.* and *L. B. Bartholomew,* for appellant.

*W. W. Bulman,* for appellee.

DEEMER, C. J.—Plaintiff claims to have left certain

notes for safe-keeping with the First National Bank of Chariton, the business being done by one Crocker, the cashier; that the bank failed, and her notes have never been returned to her, although demand has been made therefor. Defendant denies the deposit of the notes, says the transaction, if there was one, was between plaintiff and Crocker individually, and further pleads an estoppel, which plea will hereafter be noticed.

I. Save for a ruling on evidence, the questions presented by this appeal are purely of fact. The ruling complained of is the action of the trial court in permitting plaintiff to testify to transactions with the cashier of the bank, one F. R. Crocker, who at the time of trial was deceased. The so-called "dead man's statute" does not apply to one who was a mere agent of the real party in interest. This has been held in many cases, and nowhere more squarely than in *Reynolds v. Iowa & Neb. Co.,* 80 Iowa, 563; *Bellows v. Litchfield,* 83 Iowa, 36; *Salyers v. Monroe,* 104 Iowa, 75; *French v. French,* 84 Iowa, 658. The evidence clearly shows that plaintiff dealt with Crocker as cashier of the bank, and he, Crocker, was not jointly liable with his bank, as defendant contends. The testimony was properly received.

*1. Evidence: transactions with a decedent.*

II. While the testimony is not as convicing as it might be, due to plaintiff's age and her manner of doing business, we think it sufficient to sustain the action of the trial court in allowing plaintiff's claim. We shall not set it out. The most significant thing in the whole case is a piece of paper in Crocker's own handwriting given to plaintiff at the time she made the last deposit of notes and received some cash from Crocker for her personal needs. This piece of paper shows that at the time it was given plaintiff had in the bank in cash and notes $2,176.42. This paper, although not signed by Crocker,

*2. Banks and banking: action for the value of property left for safe keeping: evidence.*

was shown to be in his handwriting, and it was admissible in evidence as an admission, if not a formal receipt.

III. It is claimed by defendant that plaintiff received back her notes from the receiver of the bank. This is an affirmative defense not sustained by the record, and the trial court was right in ignoring it.

IV. The plea of estoppel is based upon a claim made by plaintiff before this action was commenced to the receiver of the bank and the comptroller of the currency to the effect that Crocker was acting for her individually, and not as agent for his bank. Responding to this claim, the comptroller advised plaintiff that she was not entitled to file her claim against the bank. This is all there is to the plea of estoppel, and it is apparent that many of the essential elements of an estoppel are wanting. There is no testimony that the receiver changed his course or did anything in reliance upon plaintiff's statements. Indeed, the record leaves us in doubt as to whether or not any such statements were made.

*3. SAME: estoppel.*

V. Lastly, it is argued that the testimony shows a gratuitous bailment, and that no negligence on the part of the bank or its cashier is shown. We do not find it necessary to determine this question. Plaintiff showed the deposit of the notes and money, and the failure of the bank, its cashier or receiver, to return them. This made a *prima facie* case, and· defendants were liable in the absence of a further showing of loss through no negligence of the bailees. It is immaterial under such circumstances whether the degree of care be high, ordinary, or slight. Enough was shown to make out a *prima facie* case of conversion, and this is all the case required.

*4. SAME: evidence: sufficiency.*

The judgment is right, and it is *affirmed.*