## CONGER v. CHILCOTE.

1. **Party**: JUDGMENT: NOTICE.   One who is benefitted by the prosecution of an action of which he has notice is to be regarded as a party in interest, although his name does not appear therein, and he is bound by the judgment rendered.

2. ——: ——: ——.   No particular form of notice of the pendency of the action is required, and it may be given either orally or in writing.

3. ——: ——: ——:   In an action in which A was defendant, B testified as a witness and procured other testimony for the defense, consulted with A's attorney, was informed by him that he himself was liable to plaintiff in the same action, and admitted his liability; *Held*, that these facts established notice to B, and were sufficient to raise the presumption that he was requested to defend.

*Appeal from Washinyton District Court.*

MONDAY, DECEMBER 13.

THIS action is upon a contract in the following words: "It is agreed by and between J. C. Conger and A. W. Chil-

cote that J. C. Conger, A. W. Chilcote and L. Whitcomb may, at any time between this date and the 1st day of December next, contract and sell at an advance, in such quantities and at such price as they may agree, and for not less than one-third of the purchase money down, and the remainder in not more than one and two years from date, the lands respectively bought by J. C. Conger and A. W. Chilcote this day, on a sheriff's sale on execution issued on a judgment in favor of the *First National Bank of Mt. Pleasant, Iowa, v. B. M. McCoy et al.* The said Chilcote and Conger further agree that during said year they will each keep a just account of the rents, issues and profits of the lands owned by them, and of the amounts expended by them in making necessary repairs on said lands, in leasing the same and in ascertaining and paying off incumbrances on the lands so owned by them, and after taking out the monies so paid and advanced, with ten per cent interest, they will at the expiration account for the residue, the money arising from the sale aforesaid, and from the rents, issues and profits, as also the net proceeds realized by Conger from the lands of B. M. McCoy, heretofore sold to S. Griffith, to be applied as follows:

*First.* To the payment of prior liens against the lands sold, with ten per cent interest on any sum or sums paid by the owner, the full amount of such liens, as also any other liens which he may pay, equal or paramount to his own, with ten per cent per annum interest on the same from the time of payment, and ten per cent per annum interest on any interest that may be due and unpaid from the time it falls due.

*Second.* To the payment of the residue of the liens in the order of their priority, with like interest on interest falling due and unpaid.

*Third.* The residue, if any, to be paid to B. M. McCoy, or to such parties as he may direct. It is understood that time is the very essence of this contract, and that the same shall absolutely determine at the time therein named. As a consideration for this contract A. W. Chilcote assumes the payment to the execution plaintiff of the sum to which he or they are entitled under the bid made by Conger, and Conger

agrees, should the contract not be complied with, and he should in consequence retain the lands now belonging to him, that he will repay to said Chilcote at the end of the year, with ten per cent interest thereon, such sum or sums as, added to the amount of liens equal or prior to his own, shall make the sum bid by Conger for said lands.

Witness our signatures this 2nd day of December, 1871.

J. C. CONGER,<br>
A. W. CHILCOTE.

I assent to the terms of this within contract, and agree to accept the benefits of the same, this 2nd day of December, 1871.                                        B. M. McCOY."

The petition sets out the inducements to and circumstances of the execution of the contract at great length, which need not be more fully stated than as follows: Plaintiff was the holder of a mortgage upon the lands of McCoy which was prior to all other liens thereon. The judgment referred to in the contract, in favor of the National Bank of Mt. Pleasant, was rendered upon a proceeding to foreclose a mortgage which, together with a like security to the Farmers' and Merchants' Bank of Washington, was a junior lien upon the same lands. Execution had been issued upon the judgment or decree of foreclosure in favor of the Mt. Pleasant Bank, and the lands were about to be offered for sale. Defendant held himself out as the authorized agent of that bank, and was the agent and president of the Washington Bank. For the purpose of effecting the collection of the claims secured by the mortgage to the two banks, out of the lands covered by plaintiff's senior mortgage, the contract sued upon was executed.

Pursuant to the contract plaintiff and defendant bid off the lands at the sale upon the decree in favor of the Mt. Pleasant Bank. The lands were disposed of in compliance with the terms of the contract. But defendant failed to perform his covenant in the agreement between the parties to pay the execution plaintiff, the Mt. Pleasant Bank, the sum it was entitled to receive "under the bid made by Conger."

Thereupon that bank brought suit against plaintiff and recovered judgment for $4,564.26 and costs. Conger appealed the cause to this court and the judgment was here affirmed. See 37 Iowa, 474.

It is further alleged that the action by the Mt. Pleasant Bank was commenced against plaintiff before he took a deed from the sheriff for the lands bid in by him, and that the deed was taken by him relying upon defendant's representations that he had made a settlement or arrangement with the Mt. Pleasant Bank, whereby the action against plaintiff would be dismissed. Plaintiff claims to recover in his petition the amount paid by him upon the judgment in favor of the Mt. Pleasant Bank and the expenses which he incurred in defending that suit, being costs and attorney fees.

The answer of the defendant sets up the inducements to the contract as relied upon by him, and that it was sanctioned by the Mt. Pleasant Bank, and that defendant acted in the matter as agent of that bank, as well as of the Washington Bank, and his acts were ratified and confirmed by the bank just named; that the lands bid off by Conger were resold at an advance, and the amount coming to the Mt. Pleasant Bank under this contract sued upon, being $1,642.72, was tendered by defendant to it; that the sheriff's sale to plaintiff and defendant was valid, and the parties believed they were authorized to apply the proceeds of the sale as provided under the contract; and that whatever has been paid by plaintiff on the judgment was paid under a mistake as to the law and the facts; that defendant was not a party to the action against plaintiff by the Mt. Pleasant Bank, and is not bound by the judgment rendered therein; that there existed a good defense to the action and plaintiff's failure to present it releases defendant from liability.

It is also shown that under a written agreement between the two banks the mortgages were to be regarded as simultaneous, neither having priority, and either party could institute proceedings to sell the land, the proceeds of which should be divided between them, in proportion to their respective demands.

The cause was tried to à jury and a verdict was had for plaintiff. From the judgment rendered thereon defendant appeals.

*Cook, Richman & Bruning* and *H. & W. Scofield*, for appellant.

One not a party to the record cannot make defense, examine witnesses, or appeal from the decision. (1 Greenl. on Ev., § 535.) Mere interest in the subject matter of an action creates no privity between parties who could not be sued jointly on the same cause of action. (Bigelow on Estoppel, 75.) The party sought to be held liable for a judgment against another must have been duly notified of the pendency of the suit, and requested to take upon himself the defense of it. (*Littleton v. Richardson*, 34 N. H., 179; *Boston v. Worthington*, 10 Gray, 496.) Actual notice is required to bind by a judgment one who is liable over to the defendant; and such notice can only be given by express information to or personal service upon the party to be bound. (*Hopping v. Burnam*, 2 G. Greene, 39; *Wilhelm v. Mertz*, 4 Id., 54.) Where one gives another apparent authority to act for him as his agent he is bound by the acts of the agent unless the third person knew the extent of the agent's authority. (*Whiting v. Western Stage Co.*, 20 Ia., 555; *Adam v. Boies & Barrett*, 24 Id., 96.) Ratification as to a part of a transaction operates as a ratification of the whole. (*Krider v. Trustees Western Coll.*, 31 Iowa, 547.) A mortgagee of lands has no estate therein; his interest is but a chattel interest and follows the debt for which it is security. (*Courtney v. Carr*, 6 Iowa, 238; *Burton v. Hintrager*, 18 Id., 348.) An equity of redemption cannot be sold under a mortgage debt—general creditors alone can sell such equity. (*Going v. Shreve*, 7 Dana, 66; *Peck v. Ellis*, 2 Johns. Ch., 130.)

*Patterson & Rheinart* and *McJunkin, Henderson & Jones*, for appellee.

Special and general executions render the purchaser equally liable to pay the amount of his bid, and defective title will

not excuse him from payment. (Rorer on Jud. Sales, §§ 458–59–60–61–62; *Hamsworth v. Espy*, 19 Iowa, 447.) Where the land was valued without reference to existing liens, and the sale was so made, the purchaser took subject to them. (*Butterfield v. Welch*, 36 Iowa, 537; *Gower v. Doheney*, 33 Iowa, 39.) The defendant, having taken upon himself the duty of ascertaining and paying the amount bid at the sale, has occasioned the loss and must bear it himself. (2 Smith's American Leading Cases, 443.)

BECK, J.—The following instruction requested by plaintiff was, after the modification shown therein, given to the jury: "If you find that Dr. Chilcote was one of the parties in interest (though his name was not used), in the case of Mt. Pleasant Bank against Conger, in which recovery was made against Conger on his bid, and you find that Chilcote made no effort to prevent the prosecution of this case, then the judgment against Conger on the bid would be conclusive against Chilcote, and Chilcote would be liable to pay whatever amount Conger had to pay on that judgment. Modified by the court thus: This is true, but he must have been a party in interest, in the legal sense of the term. His having in the contract assumed to pay to the Mt. Pleasant Bank the sum which said bank was entitled to under plaintiff's bid for the land, did not make him such a party in interest as that he would be bound by the judgment, without notice having been given him of the pendency of the suit, and request made to defend, but no particular form is needed for such notice or request. It is sufficient so that the same was fairly done and was so understood by the defendant."

It is insisted that this instruction is erroneous in several respects. It is first claimed that it presents an incorrect rule of law in holding defendant, on the ground of an interest in the suit, bound by the judgment rendered against plaintiff in favor of the Mt. Pleasant Bank. The instruction clearly announces the rule, that in order to hold defendant so bound, he must be found to have been a party in interest. In such case he would be bound though

1. PARTY: judgment: notice.

his name were not used as a party to the action. We under-stand the instruction, so far, to mean this: if the action was prosecuted in whole or in part for defendant's benefit, if he were to share in the fruits of the judgment, he is to be regarded as a party in interest, and, in that case, is bound by the judgment rendered therein. We think there can be no doubt of the correctness of the rule. If he had such an interest in the matter involved in the action, and entrusted it to the Mt. Pleasant Bank for settlement by suit, he will be estopped to deny the matters adjudicated therein. This con-clusion is supported upon the consideration of the relation existing between defendant and the bank. The latter, in such case, would be the agent of the former, with authority to prosecute the suit for his principal's benefit. The principal certainly would be bound by that judgment.

On the other hand, defendant's relation to plaintiff was such that it created in him a legal interest in the subject matter of the action. He was by contract with plaintiff bound to pay to the Mt. Pleasant Bank whatever sum it was entitled to recover from plaintiff on his bid for the land. Defendant's interest in the action was double; it was on the side of both plaintiff and defendant therein.

II. It cannot be successfully urged, as is attempted by defendant's counsel, that there was no evidence rendering this instruction applicable to the facts. A contract existed between the two banks to the effect that each should share in the ben-efits of any action brought by the other to foreclose the mort-gage. This contract was in evidence. In all the transactions involved in the suit, defendant acted as the agent of the Wash-ington Bank. This fact is pleaded by him and is abundantly proved by the evidence.

Defendant's interest on the side of Conger, in the action by the Mt. Pleasant Bank, is shown by the contract between them above referred to.

Neither can it be claimed, in view of what we have just stated, that the verdict of the jury, if based upon the doctrine of this instruction, was unsupported by the evidence.

III. It is urged that the instruction, in its language, was calculated to mislead the jury. This objection is based upon the expression occurring therein as follows, " and you find that Chilcote made no effort to prevent the prosecution of *this case.*" It is insisted that the jury understood, or may have understood, the case referred to as the case on trial, and not the one against Conger. A reading of the whole instruction would very plainly inform the jury that the expression referred to the last named case. Other criticisms of this character are made upon the language of the instruction. They demand no further attention.

IV. Other instructions were given the jury upon the subject of notice to defendant of the pendency of the action against Conger, and request to defend, substantially repeating the rule announced in the latter part of the instruction above quoted as modified by the court. These instructions are correct, and, we believe, are not questioned by defendant's counsel further than they insist that the notice and request should be in writing. They fail to support this position by authority, and, we are clearly of the opinion, it cannot be supported upon principle. The law requires the notice and request for the purpose of informing the party sought to be charged of the pendency of the suit, and that he is required to defend it. When this is accomplished nothing more is demanded. It may be as effectively done by oral communication as by writing.

V. It is urged by defendant that these instructions were inapplicable to the evidence, as there was no testimony tending to establish the notice and request. We think otherwise. That defendant had notice of the action is not disputed, he was present at the trial and testified as a witness. It is shown that prior to the trial he had consultations with the plaintiff and his attorneys in regard to it, and that he furnished evidence to be used therein; he was informed by plaintiff's attorney that he was liable to plaintiff, and admitted his liability. These facts are certainly evidence to establish notice, and are sufficient to raise a presumption that he was requested to defend the suit.

VI. Various objections made in the argument of defendant's counsel to the instructions, principally upon the ground that they are misleading and contradictory, are based upon criticisms of their language. They are unsupported by argument, counsel contenting themselves with their bare statement. We do not think the instructions are objectionable on the grounds alleged; when read together their purport is plain and their meaning easily understood. The objections demand no further attention.

VII. Much of counsel's argument is devoted to the point that the Mt. Pleasant Bank was not entitled to recover in the action against Conger, and to questions connected therewith. It is not necessary that the point should receive attention in this opinion. As the case was presented to the jury, if they found that defendant was a party in interest in that suit, or notice of its pendency and request to defend were given to, and made upon, him, the judgment in that action they were to regard as binding upon him. This would preclude inquiry of matters involved in the action.

The foregoing discussion disposes of the case. It is our opinion that the judgment of the District Court ought to be

AFFIRMED.