JOHN A. BERRY v. JOHN W. WOOD & SONS. *et al.*, Appellants,

**Execution:** PARTIES: *Fraud.* Where interveners took judgment against an insolvent plaintiff, knowing that the action was brought in plaintiff's name without her knowledge, not as the real party in interest, but to prevent them from collecting any judgment they might secure, the fraud does not authorize an execution against the real party in interest. That one party practices a fraud upon another does not entitle the latter to sell the property of the former upon a judgment which they elected to take against a third.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 13, 1898.

ACTION to enjoin the sale of certain real estate belonging to the plaintiff under an execution in favor of the defendants J. L. Witt, J. W. Reed, and C. R. Bolter, against M. E. Berry, trustee. Decree was rendered making the injunction perpetual. Defendants appeal.—*Affirmed.*

*L. R. Bolter & Sons* for appellants.

*John A. Berry, in pro per.*

GIVEN, J.—I. The following facts shown by the record will sufficiently indicate the points in dispute: In February, 1894, and for some time prior, plaintiff held money of Mrs. M. M. Seekell for investment. Plaintiff purchased an open account for about two hundred dollars from Van Scoy Bros., against J. D. McKenney, and afterwards took the note of McKenney for the amount, payable to himself, which note

he assigned to M. E. Berry, as trustee for Mrs. Seekell. This note was put into judgment, and in February, 1894, plaintiff purchased eighteen head of calves in payment from McKenney. Defendants John W. Woods & Sons took the calves, under a mortgage held by them from McKenney, from the possession of Berry, whereupon an action was commenced in the name of M. E. Berry, trustee, against John W. Woods & Sons and J. D. McKenney, to recover the calves, and possession taken thereunder. Defendants J. J. Witt, J. W. Reed, and C. R. Bolter intervened in that action, claiming the calves, and a verdict was rendered in their favor. They so electing, a money judgment was rendered in their favor for fifty dollars and forty-five cents, and for ninety-five dollars and seventy-five cents costs, against said plaintiff M. E. Berry, trustee. Said interveners caused execution to issue on said judgment, and to be levied upon the real estate of plaintiff, John A. Berry, and the decree in this case enjoins the sale of said land under said execution.

II.     It will be observed that plaintiff was not a party to the action of M. E. Berry, trustee, against Wood & Sons and McKenney; that the judgment rendered therein, and the execution issued thereon, are against M. E. Berry, trustee, and not against the plaintiff; and that the land sought to be sold under said execution is confessedly the land of the plaintiff. The defendants allege and contend that plaintiff brought said action of replevin for himself, but in, the name of his wife, as trustee, for the purpose of hindering, delaying and preventing the interveners in said action from collecting any judgment they might obtain therein; that M. E. Berry is insolvent; and that she had no knowledge of said action. They ask that said judgment may be declared an equitable lien on the property levied upon. The evidence of the plaintiff that he held money of Mrs. Seekell for investment at his discretion, and that he transferred the note of McKenney to his wife, M. E. Berry, in trust for Mrs. Seekell, stands uncontradicted, and is open to no suspicion of unfairness,

except what may be inferred from the relation of Mr. and Mrs. Berry, and the fact that Mrs. Berry was absent and knew nothing of the transactions. We fail to discover, and counsel fails to point out, how plaintiff could have intended to defraud appellants at the time he transferred the note, took judgment thereon, took the calves in payment, or brought the action of replevin. It does not appear that he then knew that said interveners.had any claim. The trust being *bona fide,* so far as Mrs. Seekell is concerned, she will not be deprived of the benefit of it, even if the trustees did not know of the trust. We do not think the fraud charged against the plaintiff is established, but, conceding that it is, should appellants be allowed to sell his property on a judgment which they elected to take against another? May they sell his property without either judgment or execution against him? Surely not. If what they now claim is true, it was true and known to them at the time they elected to take, and took, their judgment against M. E. Berry. If this plaintiff was the real party in interest in that action, they should have made him a party, and taken their judgment against him. Appellants contend, on the authority of *Conger v. Chilcote,* 42 Iowa, 18, that as plaintiff was interested in the replevin action, and had actual knowledge of it, he is bound by the result, the same as if he had been a party to it. A comparison of the cases will show a wide difference in the facts, and that the holding in that case has no application to this. That case does not hold that you may sell the property of one person upon a judgment and execution against another, or that you may sell his property without judgment or execution against him. Plaintiff is not complaining of the result in the replevin suit. He is content to be bound by it. But that does not make him a party to the judgment, nor his property liable to execution under it.—AFFIRMED.