'A. W. MILLER, Appellant, v. W. J. BRYSON et al., Appellees.

JUSTICES OF THE PEACE: Appeal—Failure to Docket—Affirmance
1    on Appellee's Motion—When Erroneous. Appellee has no right, on appellant's appeal from a judgment of a justice of the peace, to pay the docket fee and to have an affirmance in the district court unless appellant has been delinquent in two particulars, viz., (a) failure to docket the cause by noon of the second *day* of the term and (b) failure to pay the docket fee. (Sec. 4559, Code.)

PRINCIPLE APPLIED: Defendant, through his attorneys, duly perfected an appeal from justice court. These attorneys had an arrangement with the clerk of the court by which the clerk docketed all causes filed and appeals taken by these attorneys, and charged the amount of the filing fee to said attorneys. The clerk failed to notice that the appeal in question was taken by these attorneys. Result, the appeal was not docketed. The clerk would have docketed the appeal had he noticed that it was taken by these attorneys. Appellee paid the fee, docketed the cause, and secured an order of affirmance. Appellant was not negligent in discovering the non-docketing of the appeal and made proper showing of meritorious defense. *Held*, the appellant was not de-

linquent, because the clerk had waived payment of the fee in advance and the affirmance was properly set aside on motion filed 30 days after the affirmance and before the order had been signed.

**COURTS:** Control over Record—Appeal from Justice of the Peace—Setting Aside Affirmance. A judgment, entered under a misapprehension of facts *upon which the right to enter any judgment exists,* may be set aside by the court at any time during the term at which it is made and before it is signed by the judge. (Sec. 243, Code.)

*Appeal from Clinton District Court.*—HON. A. P. BARKER, Judge.

FRIDAY, MAY 14, 1915.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1915.

THIS. appeal brings up for review the. action of the district court in setting aside an affirmance of judgment in justice court made under and by virtue of the provisions of Sec. 4559 of the Code of 1897, the motion to set aside the judgment of affirmance having been filed after the time fixed in said statute for filing such motion.—*Affirmed.*

*E. L. Miller* and *Skinner & Coe,* for appellant.

*Ellis & McCoy* and *Oakes & Oakes,* for appellees.

GAYNOR, J.—This was an action commenced before a justice of the peace and appealed. The cause was tried on the 18th day of August, 1913. Judgment was entered for the plaintiff. The defendant gave notice of appeal to the district court, filing a bond as required by law. The notice was served on the 4th day of September, 1913, and was signed by Oakes & Oakes, J. E. Purcell, and F. W. Ellis, attorneys for the defendants, and within the time limited for the taking of appeals. Upon taking the appeal, the justice made a transcript of the proceedings and sent them by mail to the clerk of the district court. The clerk received the same but failed to docket the case. On the 12th day of November, 1913,

the plaintiff appeared, by his attorney, E. L. Miller, had said case docketed, paid the docket fee, and on motion had the judgment of the justice affirmed. Under the statute, the case should have been docketed by the defendants, and the docket fee paid before noon of the second day of the November term. On the 11th day of December, the defendant, W. J. Bryson, appeared and filed a motion, supported by affidavits, praying that the judgment of affirmance be set aside. The motion is as follows:

"1. That there was a waiver by attorney for plaintiff of the docketing of said case by noon of the November term, 1913, of said court.

"2. That there was a waiver of the payment of the docket fee in said case by said plaintiff's attorneys.

"3. That under the understanding existing between Ellis & McCoy, attorneys, and J. H. Edens, clerk of said court, docket fees in cases where said Ellis & McCoy are interested as attorneys are not required to be paid in cash, but are charged by the said clerk."

Thereafter, and on the 15th day of December, 1913, defendants filed an amendment to their motion, setting forth that the judgment was rendered by accident, mistake, or unavoidable casualty. In support of this motion, the defendant filed the affidavit of his attorney, F. W. Ellis, from which we gather the following facts:

That F. W. Ellis, through one J. E. Purcell, an attorney at law, requested the justice of the peace to make a transcript in said cause, and to forward the same to the clerk of the district court; that thereafter, said transcript was made by said justice and duly forwarded to and received by the clerk; that it had been arranged between said clerk and the firm of Ellis & McCoy, of which firm F. W. Ellis was a member, that in all cases coming to said court in which fees were required to be paid, the clerk would file or docket the same and charge the docket fee to said firm; that said attorney understood that, under this arrangement, the clerk would not

require the payment *in advance* of the docket fee, before docketing the case; that during the first days of the September term, the affiant conversed with the attorney for the plaintiff; that the attorney asked the affiant whether he was employed in the case, and affiant answered that he was employed to take an appeal, meaning and intending thereby that he was employed to prosecute the appeal and try the case in the district court. He supposed Miller so understood it; that during said September term, he had a further talk with plaintiff's attorney concerning the trial of said cause, which conversation was substantially as follows: Plaintiff's attorney requested of this affiant that said case be tried during the September term. This affiant answered that he was not certain that it could be so tried, but that it probably could if the attorneys could agree upon a time that would be convenient to them; but that, in any event, it would be tried at the November term. Plaintiff's attorney said he was anxious to have the case disposed of. In this conversation, affiant believed and understood that the case had been docketed and would be tried at the November term when reached, unless by agreement it could be taken up earlier; that, believing that said cause had been docketed, he took no further steps to have the same put upon the docket or to pay the fee; that this affiant had no knowledge of the entry of affirmance until about the third or fourth day of December. During all the time, affiant believed that the case had been docketed and the docket fee charged to his firm; that, on account of the conversation with plaintiff's attorney, he was lulled into security and led away from ascertaining the true facts as to whether the case had been docketed for the November term; that if plaintiff had known that said case had not been docketed and the fee charged as aforesaid, he would have ascertained the fact before noon of the second day of the November term, and would have had said case docketed under the arrangement between his firm and the clerk as to the payment of the fee.

In support of the motion to set aside the judgment of affirmance, in addition to the affidavit of Ellis, the defendant filed the affidavit of the clerk of the district court, as follows:

"I, J. H. Edens, being first duly sworn on oath state that I am clerk of the district court in and for Clinton county, Iowa; that the transcript from the justice court of Wm. O'Connell, a justice of the peace of Clinton county, Iowa, in the above entitled case, was sent me by said justice by mail; that I did not read said transcript when the same was sent me and that the notice of appeal attached thereto was not on the outside of said transcript, but is the fifth page thereof, and had I observed or noticed the name of F. W. Ellis as one of the attorneys for the defendants therein named, I should have docketed said case and charged the firm of Ellis & McCoy with docket fee immediately upon receipt of said transcript or shortly thereafter; that said firm of Ellis & McCoy have credit with me as clerk of the court for docket fees, and do not pay such docket fees when cases are filed by them, whether of appeal or otherwise, at the time of filing, but such docket fees are charged in my books against the firm of Ellis & McCoy, and said firm of Ellis & McCoy and said F. W. Ellis had the right to rely upon such understanding in docketing cases, whether of appeal from justice court or otherwise."

In addition to these affidavits, the defendant filed certain other affidavits tending to show a meritorious defense. There was no showing made contrary to what is herein set out.

1. JUSTICE OF THE PEACE: appeal: failure to docket: affirmance on appellee's motion: when erroneous.

This motion of defendants to set aside the affirmance was sustained, and an order entered cancelling and setting aside the judgment. From this ruling, the plaintiff appeals.

Sec. 4559 of the Code provides:

"If the appellant fails to pay the docket fee and have the case docketed by noon of the second day of the term at

which the appeal should properly come on for trial, unless time is extended by the court, the appellee may do so, and have the judgment below affirmed. . . . If the appellant, before noon of the next day after the order of affirmance has been granted, shall appear and make a sufficient showing of merits and proper excuse for his default, and pay to the clerk the docket fee, the court in its discretion may set aside the order of affirmance, and the cause shall stand for trial at that term, unless appellee asks for a continuance.''

Under a strict construction of this statute, the defendant's motion came too late to avail him anything. If the showing was that the appellant failed to have the case docketed and pay the docket fee, as required by this statute, he could have no relief from the affirmance of the judgment based on such failure, unless the motion was filed and the showing made as therein contemplated. The evident object and purpose of this statute is to prevent unnecessary delay in the disposition of cases appealed from the justice courts, and this is the thought underlying all the statutes regulating such appeals. Sec. 4548 provides that the appeal must be perfected within twenty days from the rendition of the judgment. Sec. 4555 provides that, upon an appeal being perfected, the justice shall file in the office of the clerk of the court to which the appeal is taken all the original papers relating to the action, with a transcript of all the entries in his docket. Sec. 4558 provides: ''If an appeal is *perfected* ten days before the next term of the court to which it is taken, the justice's return must be made at least five days before that term. All such cases must be tried when reached, unless continued for cause.''

To entitle the appellee to have the judgment affirmed for a failure to comply with Sec. 4559 of the Code, it must affirmatively appear that the appellant is in default in *both particulars,* to wit, a failure to have the case docketed by noon of the second day of the term at which the appeal

should properly come for trial, and a failure to pay the docket fee. A failure to have the cause docketed is not sufficient to justify an affirmance. It must further appear that the docket fee is not paid. In *Vasey v. Parker,* 118 Iowa, at page 617, this court said: "We find that appellee may have the judgment affirmed when, and only when, the appellant fails to pay the docket fee and have the case docketed. Unless appellant is in default in both particulars named, there is no right to an affirmance. . . . The clerk is not required to docket any appeal without being paid the fee which the law exacts for such services, but if he concludes to *waive the fee,* and places the case on the docket for trial, there does not seem to be any authority for dismissing it because the fee was not paid." It therefore follows that if the docketing fee is paid to the clerk, and the case is not actually docketed, the appellee has no right to an affirmance. If the case is actually docketed, without the payment of the filing fee, the appellee has no right to have the case affirmed.

Under the arrangements made between the clerk and attorney for appellant, the appellant was not under obligation to pay the fee to the clerk before the docketing of the case. The clerk, as shown by his own affidavit, had stipulated and agreed with appellant's counsel to file all papers in which appellant's attorney appeared as counsel without the payment of the filing fee before or at the time of filing. This was, on the part of the clerk, a waiver of the right which he had to exact payment of fees before filing. Therefore, in contemplation of law under this arrangement, the fee had actually been paid, or had actually been arranged for, before the receipt of the transcript by the clerk. All the clerk had to do, then, was to enter it upon the docket. He says, "Ellis & McCoy have credit with me, as clerk of the court, for docket fees, and do not pay such docket fees when cases are filed by them, whether of appeal or otherwise, at the time of the filing, but such docket fees are charged in my books against the firm of

Ellis & McCoy, and said F. W. Ellis had the right to rely upon such understanding in docketing cases.''

We must, then, hold that the clerk had waived the statutory right to exact the fee before performing the act of docketing. The docketing was the act of the clerk—an omission on the part of the clerk for which appellant was in no way responsible. The papers showed that Ellis appeared as attorney for appellant. The clerk overlooked that fact, otherwise he said he would have docketed the case at once and charged the docket fee to Ellis & McCoy.

This being true, it presents a case such as this: The appellant causes the transcript of proceedings in the justice court to be filed with the clerk; pays or arranges for the clerk's fees; either pays or the clerk waives his right to have the fee advanced. Thereafter, the clerk neglects to enter it upon the docket. The appellee, not finding it upon the docket, tenders to the clerk the fee for docketing and demands that the case be docketed, and thereafter has the case affirmed under the provisions of Sec. 4559. One element, therefore, of his right to have it affirmed is lacking. The fee had been paid in contemplation of law, and, for the purposes of the case, either paid or the payment in advance had been waived by the clerk, and the failure to docket, in and of itself, was not enough to entitle the appellee to have the case affirmed.

The motion to set aside the affirmance was filed during the term at which the judgment of affirmance was entered. It was filed before the record had been signed by the judge. This brings the case under the rule laid down 2. COURTS: control over record: appeal from justice of the peace: setting aside affirmance. in Sec. 243 of the Code, in which it is said, in substance: ''The record of the district court is under control of the court, and may be amended or any entry therein expunged at any time during the term at which it is made, or before it is signed by the judge.''

This covers a case where the judgment is improvidently

entered,—where the judge, under a misapprehension of facts, entered a judgment that he had no authority to enter and would not have entered had he known that the fact did not exist upon which he predicated his authority to enter the judgment. When the judgment is so improvidently entered, he may expunge it from the record. By this we do not mean to be understood as saying that a misapprehension of a fact which inheres in the judgment itself is a ground for annulling the judgment previously entered, but that a misapprehension of a fact upon which the right to enter any judgment exists is such ground. The judge, upon ascertaining the nonexistence of the fact, may expunge the judgment from the record during the term, and before the record is signed.

It is not claimed in this case that either the appellant or his attorney was in any way negligent or lacked, in the least degree, the exercise of proper diligence in respect to the matters involved here. Nor does it appear from this record that there was any fraud practiced by the attorney for the appellee. It seems to have been an all-around misapprehension and misunderstanding of the fact as it actually existed that led all parties into the error which provoked this controversy.

Courts favor trials upon the merits, and are not disposed to defeat a full investigation of the rights of the parties by any nice technical ruling, unless forced to by the plain provisions of the statute.

While there is no fraud in this case, any other holding than we make here would open the door to fraud, and this the courts strenuously guard against. Under the whole record, we think the case ought to be affirmed.—*Affirmed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.