IN RE ESTATE OF HENRY R. LYMAN.

D. W. BATES, Superintendent of Banking, Receiver, Appellant, v. GRACE LYMAN et al., Executors, Appellees.

No. 44854.

MARCH 5, 1940.

G. P. Linville, for appellant.

C. J. Lynch, for appellees.

HALE, J.—Henry R. Lyman died testate in 1930. His will was probated December 9, 1930; letters testamentary issued to the executors and they gave notice of their appointment by publication, the last of which was on December 25, 1930.

In October 1935, an action in equity was brought in the district court of Linn county against the executors and beneficiaries under the will to recover on an assessment liability on stock in the Linn County Savings Bank. This stock was not owned by the decedent at the time of his death, but was transferred prior thereto. In addition to the equity action, and while the same was pending, claim was filed October 5, 1935, against the estate, the substance of which was the petition in the equity action attached to and constituting the claim. To the equity cause defendants filed answer alleging the statute of limitations; that the receiver was barred from asserting his claim because he had previously asserted claim for assessment for five shares only. They also asserted that the receiver could not maintain the independent action for the reason that the statute required that all interested parties were required to be brought into court in a single action. They also alleged delay in filing the claim, general delay, and estoppel.

The equity case was tried and a decree rendered for the defendants, and a finding that all their affirmative defenses were established and that neither the estate of Henry R. Lyman, the executors, nor the beneficiaries, have any liability to the plaintiff. Judgment was entered and appeal taken by D. W. Bates, superintendent of banking of the state of Iowa, on January 11,

1938, and the appeal was dismissed. On September 13, 1938, the executors filed their "first progressive report and final report as to creditors," in which they denied liability on the claim of the receiver, alleging that on May 1, 1931, the receiver filed a claim against the estate on a written contract by decedent and others, and the settlement of such claim for over $2,800. They also alleged in such report that the executors settled the stock assessment claim, paying $700 therefor on the 7 shares of stock owned by decedent at the time of his death. They also in such report set out that the claim in suit was filed many years after the expiration of the period for filing claims on alleged liability for assessment on 77 shares of stock sold and transferred by the decedent before his death, and they set up the proceedings in the equity case and the decree of court, and the action of the supreme court. Objections to the final report and amendment to such objections were filed by the receiver, alleging that there has never been any adjudication against the objector, and that the action of the supreme court did not constitute such; alleging that no resistance had been made by the executors. Motion to strike objections was sustained on October 7, 1938, and the report approved.

The claimant appeals from the action of the court and his assignment of error is that the court was in error in approving the first progressive and final report, claiming that in so finding and adjudicating there was no hearing or trial; and he alleges that special defenses to a claim filed in an estate must be pleaded, and if not fully admitted by the executor the court may hear and allow it or may submit it to a jury. He further alleges that he was entitled to a trial by jury.

There is no question that a special defense must necessarily be pleaded, but the executors allege that it is not the approval of the report which is in issue, but that the action of the court in sustaining the motion to strike the objections of the claimant disposed of the claim. In our opinion this contention of the executors is correct. After the court had ruled adversely to the claimant on such objections there was nothing further left to try. In other words, there was no claim pending, and the question of whether special defenses must be made or whether the claimant was entitled to a jury trial is not in any way at issue. The question involved in this proceeding is one about

facts as to which there is no dispute. It is not disputed that an independent action in equity was brought at or about the time of the filing of the claim, nor that the ruling of the court was against the claimant and that upon appeal to the supreme court such appeal was dismissed. The original action brought and appealed from was by D. W. Bates, superintendent of banking of the state of Iowa. The appeal in this proceeding was dismissed by this court. Bates v. Linn County Savings Bank, Iowa, 277 N. W. 5. Thereupon the decree of the district court became final as to the claim of D. W. Bates, superintendent of banking. All the defenses to the claim in the equity proceeding were sustained and stand as if never appealed from. There is no dispute that the claim made in that case is identical with that made in this. After the appeal in this court was dismissed, plaintiff, in October 1938, instituted another equity action on the same claim, suing as receiver. In the new action a motion to dismiss on various grounds was filed by defendants. The motion was sustained by the district court, and at the present term of this court was affirmed. Whatever the reasons for affirmance, the original decree now stands and is conclusive. Jefferson v. Bank, 143 Iowa 83, 120 N. W. 308. We are therefore confronted with a final decree in equity holding there can be no recovery by D. W. Bates, superintendent of banking, on a claim itself held invalid, and are asked to hold on appeal that the same invalid claim, filed in probate, by the same person in his statutory capacity as receiver, may be established. Reversal here would leave for trial in the probate court a claim which, after trial on the merits in equity, has been held invalid. Assuming the superintendent of banking is separate and distinct from the same person as receiver, still, as the whole record shows, he was active in the promotion of the litigation and in the conduct of the proceedings; the same attorneys were employed and claimant was interested in the result. However claimant was regarded as to the first litigation, the rule urged by the executors that one not a party to a suit, who assumes control of the litigation, employs counsel, and has a right to control and conduct the same, is bound by the judgment, we believe is applicable in principle here. McNamee v. Moreland, 26 Iowa 96; Stoddard v. Thompson, 31 Iowa 80; Conger v. Chilcote, 42 Iowa 18; Marsh v. Smith, 73 Iowa 295, 34 N. W. 866;

Bellows v. Litchfield, 83 Iowa 36, 48 N. W. 1062; Montgomery v. Alden, 133 Iowa 675, 108 N. W. 234, 119 Am. St. Rep. 648. It is also the rule that a judgment is conclusive as to all parties to a suit and all parties in privity. As heretofore stated, the claim in this case is a duplication of the petition in the equity court. We do not see how, on an exact duplicate of the claim which has been adjudicated on its merits (as to subject matter), the claimant may relitigate exactly the same issues in another branch of the court. The executors cite Linton v. Omaha Wholesale Produce Market House Co., 8 Cir., 218 F. 331, 334, in which the following language was used:

"The governing rule which we must apply in answering this question is this: If the second action is upon the same claim or demand as was the first, and is between the same parties or their privies, the judgment in the first action, if rendered on the merits, constitutes an absolute bar to the prosecution of the second action."

It seems to us that there has been an adjudication adverse to claimant. It so appearing, an affirmance would result. Other matters are suggested by claimant, but are determined by our holding herein.

A motion to dismiss, submitted with the case, in view of our holding, need not be considered.

The ruling of the district court should be and it is affirmed.
—Affirmed.

MILLER, SAGER, OLIVER, BLISS, and STIGER, JJ., concur.