# IN THE COURT OF APPEALS OF IOWA

No. 16-0292
Filed September 27, 2017

**RAYMOND E. THOMAS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

Raymond Thomas appeals from the summary dismissal of his second

application for postconviction relief.  **AFFIRMED.**

Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant.

Raymond E. Thomas, Fort Madison, pro se.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Raymond Thomas appeals from the summary dismissal of his second application for postconviction relief (PCR).

We generally review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, such as claims of ineffective assistance of counsel, we apply a de novo review. *See id.*; *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

Summary disposition under Iowa Code section 822.6 (2011) is analogous to the summary judgment procedure provided in our rules of civil procedure. *See State v. Manning*, 654 N.W.2d 555, 559-60 (Iowa 2002). "Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits." *Id.* at 560. Summary disposition is only proper when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6; *accord* Iowa R. Civ. P. 1.981(3).

Thomas was sentenced to a term of imprisonment not to exceed thirty-five years after being convicted of first-degree burglary, second-degree robbery, third-degree kidnapping, assault with intent to commit sexual abuse causing bodily injury, and two counts of assault on a peace officer. The convictions were upheld on direct appeal. *State v. Thomas*, No. 06-0582, 2007 WL 3376888, at *1 (Iowa Ct. App. Nov. 15, 2007). On direct appeal, this court rejected his claims that the evidence was insufficient to sustain the convictions, the verdicts were

against the weight of the evidence, and that trial counsel was ineffective. *Id.* at *5-8. Procedendo issued on December 14, 2007.

In his first PCR application, Thomas contended appellate counsel was ineffective in failing to appeal from the denial of his motion to sever the several charges against him. *Thomas v. State*, No. 11-0275, 2012 WL 836839, at *1 (Iowa Ct. App. Mar. 14, 2012). This district court rejected the claim, and we upheld that ruling on appeal. *Id.* at *7-8.

In this second PCR application, which was filed on June 4, 2012, Thomas asserted there were numerous errors in the jury instructions and that defects in the trial information deprived the criminal court of subject-matter jurisdiction. Finally, he alleged ineffective assistance of all prior counsel. In an amended application, appointed counsel asserted Thomas was subject to an illegal sentence due to errors in the jury instructions.

The State moved for summary judgment on grounds the claims were time barred and that a challenge to jury instructions is not a claim of illegal sentence that would survive outside the statute of limitations.

Through counsel, Thomas resisted, asserting "additional facts" precluded summary judgment:

> 1. [Thomas's] Amended Application for Post-Conviction Relief contains four (4) counts pled by [Thomas's] counsel.
> 2. Counsel's first count is illegal sentence for failure to include proper jury instructions.
> 3. Counsel's second count is illegal sentence for failure to include proper jury instructions.
> 4. Counsel's third count is illegal sentence for failure to include proper jury instructions.
> 5. Counsel's fourth count is illegal sentence for failure to include proper jury instructions.

6. An illegal sentence is not subject to the statute of limitations.

7. The mens rea for Iowa Code section 708.3A(3) is "knowing," meaning the offender must know the peace officer is a peace officer to be convicted under 708.3A(3).

8. The jury instruction number fifty-six (56) for count 5 in [Thomas's] underlying criminal case did not include the word "knowing."

9. The jury instruction number fifty-eight (58) for count 6 in [Thomas's] underlying criminal case did not include the word "knowing."

10. [Thomas] was charged with burglary in the first degree in violation of Iowa Code section 713.1 and 713.3.

11. An essential element of burglary is that the place entered was an occupied structure and such occupied structure or place was not open to the public.

12. The jury instruction number thirty (30) and thirty-two (32) for count 2 in [Thomas's] underlying criminal case did not include or explain that an occupied structure must not be open to the public.

13. [Thomas] was prejudiced by improper jury instructions.

14. Because of prejudicial jury instructions the [Thomas] was improperly convicted, rendering his sentence illegal and unenforceable.

In a separate pro se response, Thomas also asserted the trial court was without authority or jurisdiction due to defects in the charging instrument. He urged the district court to "rule, please."

The PCR court concluded, "The sole basis for summary adjudication of this postconviction relief action is that it is time-barred as having been brought outside the three-year limitations period set forth in Iowa Code section 822.3." The court explained further:

> *Subject matter jurisdiction/void judgment.* While it is true that the issue of subject matter jurisdiction can be raised at any time, *see DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002), and a void judgment can be the subject of a collateral attack and may be disregarded, *Peterson v. Eitzen*, 173 N.W.2d 848, 850 (Iowa 1970), the claimed defects in the trial information do not result [in] an invalidity of the resulting judgment of conviction. Assuming without deciding that the trial information was inartfully worded, the rules of criminal procedure are unmistakably clear that such defect would

not result in his ability to challenge the court's subject matter jurisdiction or the voidness of the resulting conviction:

> No indictment is invalid or insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant.

Iowa R. Crim. P. 2.4(7) [last unnumbered paragraph]; *see also* Iowa R. Crim. P. 2.5(5) ([stating] rules regarding indictments applicable to trial informations). [Thomas] has failed to establish how he has been prejudiced in any manner from the wording of the trial information as alleged. In addition, it is well settled that the inadequacy of a trial information does not affect the court's ability to hear a general class of cases (i.e., its subject matter jurisdiction), but is a case-specific objection to the court's authority which is waived if not timely made. *Brown v. State*, No. 13-0244, 2014 WL 3511741, at *2 (Iowa Ct. App. July 16, 2014) ([holding] postconviction action time-barred under § 822.3; dismissal affirmed). [Thomas]'s claim that his objections to the wording of the trial information may be pursued outside the limitations period of Iowa Code [section] 822.3 has no merit.

*Jury instructions/illegal sentence.* "An illegal sentence is one that is not permitted by statute." *State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014). . . . Claims of an illegal sentence are not meant "to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Id.* at 871-72 (citation omitted). Accordingly, issues regarding jury instructions, if otherwise time-barred pursuant to Iowa Code [section] 822.3, may not be resurrected under the guise of an argument premised on those instructions resulting in an illegal sentence. "Challenges to jury instructions do not implicate the legality of a sentence." *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014) [(rejecting PCR applicant's attempt to use a claim of an illegal sentence as a vehicle "to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence" (quoting *State v. Bruegger*, 773 N.W.2d 862, 871-72 (Iowa 2009))).]

As was addressed in the previous section of this ruling, any claim that the trial court lacked the power to impose [Thomas]'s sentences has failed. What remains are [Thomas]'s arguments that the aforementioned claimed defects in the jury instructions resulted in an illegal sentence. Iowa law is squarely to the contrary. There is simply no basis for this court to conclude that the present claims come within an exception to the three-year time limit of Iowa Code [section] 822.3. Accordingly, summary disposition and dismissal is appropriate pursuant to Iowa Code [section] 822.6.

Finding no error in the court's reasoning or application of law, we affirm without further opinion.

**AFFIRMED.**